IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE STATE OF KANSAS,

        Plaintiff,

v.                                                Case No. 6:16-cv-01357-JTM-GEB

FLOYD BRADLEY HOWE,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on defendant Floyd Bradley Howe's Notice of Removal (Dkt. 1). The Notice attempts to remove three criminal cases from State of Kansas district courts. The records attached to the Notice include criminal complaints filed by the State of Kansas against Howe in two Marion County cases (Case Nos. 16-CR-23 and 16-TR-252), and a motion in a Harvey County criminal case (Case No. 13-CR-400) in which the State of Kansas seeks to collect from Howe's bondsman for Howe's failure to appear at a hearing.

Defendant's Notice of Removal asserts a right to remove these cases by virtue of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, because of "illegal criminal actions brought forth by the Plaintiff(s) against the defendant to make money of[f] of him, in which case is EXTORTION." Dkt. 1 at 5. The Notice alleges that "PLAINTIFF(S) ARE COMMITTING TAX FRAUD: In that, … the above referenced proceeding(s) is/are set in the nature of a taxable business transaction," and defendant

requests that "PLAINTIFF(S) … prepare and file Federal Tax Form 1099 OID … to cover the eligible issues in this case." *Id.*

Section 1455 of Title 28 of the United States Code provides in part that upon the filing of a notice of removal of a criminal prosecution, "The United States district court shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

As noted in *Pledger v. Gorman*, 2016 WL 4613391, *3 (D. Kan. Sept. 6, 2016), three federal statutes allow for removal of criminal prosecutions under limited circumstances. The first (28 U.S.C. § 1442) allows removal of an action against the United States or its agencies or officers. The second (28 U.S.C. § 1442a) applies to prosecution of members of the armed forces. The third (28 U.S.C. § 1443) applies to a defendant who is denied or cannot enforce a right under a law providing for equal civil rights of U.S. citizens, or for an act, or refusal to act, under color of authority derived from a law providing for equal rights.

After examining the Notice of Removal, the court concludes that it fails to allege any statutory basis for removal. Defendant alleges none of the limited circumstances that might justify removal of a state criminal case.

**IT IS THEREFORE ORDERED** this 16th day of September, 2016, that the criminal actions sought to be removed by defendant are hereby remanded to the District Court of Marion County (Case Nos. 16-CR-23 and 16-TR-252) and the District

Court of Harvey County (Case No. 13-CR-400). Defendant's pending motions to seal this case (Dkts. 3, 4) are denied.

                                                                            ___s/ J. Thomas Marten_____  
                                                                            J. THOMAS MARTEN, JUDGE